# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1549V
UNPUBLISHED

| | |
|---|---|
| ALYSON GUERRIERO,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 17, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Phyllis Widman*, Widman Law Firm, LLC, Northfield, NJ, for Petitioner.

*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 4, 2019, Alyson Guerriero filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused-in-fact by the influenza vaccine she received on October 5, 2016. Petition at 1, ¶¶ 2, 10. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 17, 2021, Respondent filed a combined Rule 4(c) Report and Proffer ("Rule 4(c) Report and Proffer") conceding entitlement and indicating Petitioner should be awarded $62,500.00, representing compensation for her pain and suffering. Rule 4(c) Report and Proffer at 8. On August 17, 2021, I issued a ruling on entitlement, finding Petitioner entitled to compensation for her SIRVA. Respondent represented that

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner agrees with the proffered award. Rule 4(c) Report and Proffer at 4. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the combined Rule 4(c) Report and Proffer,[3] **I award Petitioner a lump sum payment of $62,500.00, representing compensation for her pain and suffering in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                **s/Brian H. Corcoran**
                                Brian H. Corcoran
                                Chief Special Master

---

[3] Because the combined Rule 4(c) Report and Proffer contains information regarding Petitioner's personal medical history, which is not generally included in a Proffer, when separately filed, I will not attach the Proffer to the decision in this case.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.